UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Donald K. Alexander,

               Civ. No. 10-3373 (RHK/JSM)
   Plaintiff,         **ORDER**

v.

Boone Hospital Center, *et al.*,

   Defendants.

   Plaintiff Donald Alexander, having previously agreed to settle and dismiss his claims against the Medtronic Defendants in this action, has moved (Doc. No. 66) pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Judgment dismissing those claims.  The crux of his Motion is that he was misled with regard to the timing and amount of his settlement payment.  Having carefully considered the Motion, it will be denied for the reasons set forth below.

   A party seeking relief under Rule 60(b) bears a heavy burden, as such "motions are viewed with disfavor and . . . may be granted only upon a showing of exceptional circumstances."  Willis v. Centennial Mortg. & Funding, Inc., Civ. No. 03-3641, 2004 WL 2075558, at *16 (D. Minn. Sept. 16, 2004) (Kyle, J.) (quoting Mitchell v. Shalala, 48 F.3d 1039, 1041 (8th Cir. 1995)).  Where, as here, a party seeks to set aside a judgment based on fraud, he must prove the alleged fraud through clear and convincing evidence. Id. (quoting Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998)).  Alexander has failed to clear that high bar here.  Notably, despite claiming that he was misled about

the number of participants in the settlement (and hence the amount of his ultimate recovery), he has nowhere rebutted the statement of Lead Counsel in the related MDL that participants were advised of possible recovery *ranges* and that "the ranges were simply *estimates* and could be higher or lower than those initially projected." (Doc. No. 68 at 2 n.1.) In fact, Alexander's own Motion notes that he was informed, based on "*[t]he information available at th[e] time*," that "an *estimated* 8,100 Plaintiffs [were] participating" in the settlement. (Doc. No. 66, ¶ 7 (emphases added).) That a greater number of persons opted in to the settlement, and thus reduced Alexander's settlement amount, does not equate to fraud. Nor does the Court believe that delay in payment and increased administrative expenses are appropriate bases to set aside the Judgment. Indeed, given the sheer size and scope of the MDL, it can come as no surprise to Alexander (himself a lawyer) that processing settlement payments is taking longer, and costing more, than initially anticipated.

    Accordingly, and upon all the files, records, and proceedings herein, the Motion (Doc. No. 66) is **DENIED**.

Dated: January 30, 2012　　　　　　　　　　　　　s/Richard H. Kyle
　　　　　　　　　　　　　　　　　　　　　　　　RICHARD H. KYLE
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge